UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
GEORGE PHILIPS,

        Petitioner,

  -against-                         **MEMORANDUM AND ORDER**
                                                   Case No. 08-CV-2625
WILLIAM BROWN,                       Case No. 08-CV-2626

        Respondent.
----------------------------------------------------------x

*Appearances:*
For the Petitioner:                            *For the Respondent:*
HERALD PRICE FAHRINGER, ESQ.          RICHARD BROWN, ESQ.
ERICA DUBNO, ESQ.                       Queens County District Attorney
Fahringer & Dubno                          125-01 Queens Boulevard
120 East 56th Street, Suite 1150            Kew Gardens, NY 11415
New York, NY 10022                       By:    JOHN CASTELLANO, ESQ.
                                                                    KAREN WEISS, ESQ.
GEORGE PHILIPS, *pro se*                     Assistant District Attorneys
#00AA2299
Eastern Correctional Facility               KATHLEEN RICE, ESQ.
P.O. Box 338                                       Nassau County District Attorney
Napanoch, NY 12458-0338                262 Old Country Road
                                                                    Mineola, New York 11501
                                                                    By:    JASON WEINSTEIN, ESQ.
                                                                           MARGARET MAINSUCH, ESQ.
                                                                            Assistant District Attorneys

**BLOCK, Senior District Judge:**

        Petitioner, George Philips, was convicted of several sex offenses by a Queens County jury and pleaded guilty to similar charges in Nassau County. On May 23, 2011, the Court issued a memorandum and order ("M&O") denying his two petitions for writs of *habeas corpus* under 28 U.S.C. § 2254. Now proceeding *pro se*, he moves to "reconsider and

vacate" the M&O pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).[1] For the following reasons, the motions are denied.

I

Philips's submission is a page-by-page critique of the Court's M&O. The first 9 pages are devoted to perceived errors and omissions in Part I of the M&O. Rather than address each individually, the Court need only point out that matters presented in that section were background only and not part of the Court's legal analysis. Since errors in Part I—if any there were—did not affect the disposition of Philips's claims, they are not grounds for reconsideration. Accordingly, the Court proceeds to the challenges to the substance of the M&O.

A. Fourth Amendment Challenges (Claims 1-3)

The Court held that Philips's first three claims were barred by *Stone v. Powell*, 428 U.S. 465 (1976). *See* M&O at 13. Philips responds that the Queens County suppression judge was biased because he "relied on the direct testimony of detectives instead of their

---

[1]Rule 59(e) authorizes a district court to alter or amend its judgment based on matters it overlooked or misapprehended. *See, e.g., Park South Tenants Corp. v. 200 Central Park Assocs.*, 754 F. Supp. 352, 354 (S.D.N.Y. 1991). Rule 60(b) allows relief from a judgment for, *inter alia*, a "mistake" of law or fact. *See id.* R. 60(b)(1).

On the same day he filed the present motions, Philips filed a notice of appeal. The filing of a timely Rule 59(e) motion holds the notice of appeal in abeyance until the motion is disposed of. *See* Fed. R. App. P. 4(a)(4)(B)(i). A Rule 60(b) motion does not toll the time for taking an appeal, but "a district court may entertain and deny [such a] motion after an appeal has been taken." *New York v. National Servs. Indus., Inc.*, 208 F.R.D. 38, 40 (E.D.N.Y. 2002) (citing *Tolliver v. County of Sullivan*, 957 F.2d 47 (2d Cir. 1992), and *Ryan v. United States Lines Co.*, 303 F.2d 430 (2d Cir. 1962)).

testimony on cross-examination." Mot. for Reconsideration at 10 (emphasis omitted). The record reflects that the judge considered *all* of the testimony; that he chose to resolve inconsistencies against Philips does not demonstrate bias. In any event, Philips does not offer any evidence of bias in the appellate court that reviewed and upheld the denial of Philips's Fourth Amendment challenges.

**B. DNA Evidence (Claim 4)**

The Court held that Philips had not established that admission of DNA evidence against him was contrary to, or an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Philips argues, at length, that this claim was preserved. That is irrelevant inasmuch as the Court resolved the claim on the merits. *See* M&O at 15 ("The Court need not address Philips's argument that it should disregard the procedural bar as an 'exorbitant' application of New York's preservation rules because his challenge to the DNA evidence fails on the merits.").

Philips next argues that the Court erred in considering "only" *Melendez-Diaz v. Massachusetts*, 129 S. Ct. 2527 (2009), in connection with his challenge to the DNA evidence. However, the only other case he offers as representing clearly established Supreme Court law at the time his conviction became final is *Crawford v. Washington*, 541 U.S. 36 (2004). Although the Court did not cite *Crawford,* a necessary implication of its holding that the applicability of the Confrontation Clause to lab test results was not clearly established until *Melendez-Diaz* was decided in 2009 is that the principle was not clearly

3

established at the time *Crawford* was decided in 2004. Therefore, the admission of the DNA evidence was not contrary to, or an unreasonable application of, *Crawford.*

Finally, Philips challenges that Court's conclusion, mentioned above, that *Melendez-Diaz* announced a new rule of law that does not apply to convictions—like Philips's—that became final before 2009. However, he does not present any overlooked facts or intervening law that alters the Court's conclusion to follow the weight of authority on that issue in the absence of any Supreme Court or Second Circuit authority. *See* M&O at 14 (citing *Likely v. Ruane*, 642 F.3d 99 (1st Cir. 1999), *Watson v. Artus*, 2010 WL 5060861 (S.D.N.Y. July 22, 2010), and *Vega v. Walsh*, 2010 WL 2265043 (E.D.N.Y. May 28, 2010).

**C. Prosecutorial Misconduct (Claim 5)**

With respect to Philips's challenges to the Queens prosecutor's closing summation, the Court held that they were procedurally barred and, in the alternative, that they did not demonstrate that the Appellate Division's affirmance was contrary to, or an unreasonable application of, Supreme Court precedent. *See* M&O at 15-16 & n.8. Philips challenges both holdings in his motion for reconsideration, but the Court need only address the latter. Philips focuses on the Queens prosecutor's conceded "lies" during summations, but there is no evidence that the jury ignored its duty to determine the facts based on the evidence, and not on alleged misstatements of the record by counsel.

With respect to Philips's *Brady* claims, he accuses the court of limiting his claims to the 911 call by Gerald Lavin. Regardless of the number of *Brady* violations Philips intended to assert, they were all waived (with respect to the Nassau County case) by his

4

guilty plea. *See* M&O at 16. In reaching that conclusion, the Appellate Division applied state waiver law, and Philips has not persuaded the Court that the Constitution compels a different result.

Philips argues that the *Brady* violations were also relevant to the Queens case. Be that as it may, the Court is at a loss to find those claims asserted to either an appellate brief or § 440.10 motion addressed to the Queens convictions. Therefore, there were not exhausted in that case, and are now procedurally barred.

Finally, Philips faults the Court for not addressing other claims of prosecutorial misconduct; the only such claim he identifies is a claim "concerning false statements in support of search warrants and court orders." Mot. for Reconsideration at 14. He does not provide any reason why those claims would not be barred by *Stone v. Powell*, as his other Fourth Amendment claims are.

## D. Evidentiary Challenges (Claim 6)

The Court held that the DNA evidence and inculpatory statements by Philips were sufficient to satisfy *Jackson v. Virginia*, 443 U.S. 307 (1979), as to the sufficiency of the evidence. *See* M&O at 17. Philips lists four problems with the DNA evidence: the inability to cross-examine the actual tester, chain of custody, disavowal of the testing protocols by the prosecution's DNA expert, and possible false testimony by that same expert regarding the reliability of test results. The first of those problems was considered and rejected in connection with Philips's Confrontation Clause claim. *See supra* Part I.B. The remaining three were considered and rejected because they go to the *weight* to be given the DNA

evidence, not its legal sufficiency.  *See* M&O at 17 ("As for Philips's claim that the verdict was against the weight of the evidence, that is not a constitutional claim.").

With respect to the inculpatory statements, Philips argues that the prosecution conceded that the jury does not rely on that evidence.  While it might be true that the jury did not convict based *solely* on the inculpatory statements, *see* M&O at 13 ("The DNA evidence was clearly important: Philips was convicted of charges supported by DNA evidence, and acquitted of all others."), it does not follow that the jury ignored it when corroborated by the DNA evidence.

### E.  Nassau County Grand Jury (Claim 7)

The Court held that Philips's claims of irregularities in the Nassau County grand jury proceedings—including planted and fabricated inculpatory evidence and withheld exculpatory evidence—were not cognizable on *habeas*.  *See* M&O at 18 (citing *Lopez v. Riley*, 865 F.2d 30 (2d Cir. 1989)).  Citing *Wainwright v. Goode*, 464 U.S. 78 (1983), Philips responds that implementation of grand jury procedures may not violate the Constitution.  That is no answer to *Riley*'s holding that errors like those claimed by Philips are cured by conviction by a petit jury.  *See* 865 F.3d at 33 ("The particular claims of impropriety before the grand jury in this case concern the sufficiency of the evidence, a failure to develop exculpatory evidence by the prosecutor, the presentation of prejudicial evidence and error in explaining the law.  Each of these alleged improprieties was cured in the trial before the petit jury, which convicted. Under [*United States v. Mechanik*, 475 U.S. 66 (1986)], therefore, error before the grand jury, if any, was harmless.") While Philips's

Nassau County conviction was secured by an *Alford* plea instead of a jury trial, the principle remains the same. Even if Philips was not required to admit factual guilt, his plea relieved the government of its burden of proving it. Absent any negotiated right to pursue the issue on appeal, Philips cannot claim that grand jury errors call his the validity of his ultimate conviction into question.

F.  § 440.10 Motions (Claim 8)

The Court held that the denial of leave to appeal the denial of Philips's Queens County § 440.10 motion was not reviewable on *habeas*. See M&O at 18-19. Philips notes that a *habeas* court can review a claimed constitutional violation that occurred in a § 440.10 proceeding, but the Court cannot fathom how the denial of leave to appeal could rise to the level of a due-process violation, as Philips claimed.

Philips argues that the Court ignored claims raised in his Nassau County § 440.10 motion. As far as the Court can glean, however, the allegedly overlooked claims involve the *Brady* issue addressed above. As noted, the Appellate Division's conclusion that Philips's *Alford* plea waived that issue was not contrary to, or an unreasonable application of any Supreme Court precedent. *See supra* Part I.C.

G.  Other Confrontation Claims (Claim 9)

The Court held that Philips had not exhausted his claim that his inability to call "Officer White" as a witness violated the Confrontation Clause, and that he was now procedurally barred from doing so. See M&O at 19-20. Philips argues that the Appellate Division did not find his claim "vague," that the prosecutor did not respond to the claim,

and that the Court misapprehended the full range of reasons why he wanted to call Officer White.  None of those arguments changes the fact that the Appellate Division was not given a fair opportunity to address the claim, and that it would not do so now.  Moreover, the Court noted that the trial court's basis for not allowing Officer White to testify was based on a independent and adequate state evidentiary rule.  *See* M&O at 20 n.10 ("[T]he trial judge rejected Philips's request to admit White's testimony on account of Philips's failure to confront Corr with the allegedly inconsistent statement to which White would have hypothetically testified."). Philips nowhere explains how application of that rule rose to the level of a federal constitutional violation.

Philips further argues that the Court overlooked a claim that he was not allowed to "confront" police reports, including a recording of the 911 call.  This claim was similarly described to the Appellate Division, *see* Decl. of Harold Fahringer, Ex. K at 121 ("[T]he judge [precluded] police reports at trial and pretrial[.]"), and is, therefore, similarly unpreserved but procedurally barred.

**H.  Evidence of Uncharged Crimes (Claim 10)**

The Court held that the admission of evidence of an uncharged crime did not rise to the level of a due-process violation, and that the Appellate Division's decision that the evidence was properly admitted was not contrary to, or an unreasonable application of, Supreme Court precedent.  *See* M&O at 20.  Phillips simply repeats his arguments to the contrary, which is not a valid basis for reconsideration.  *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for relitigating

8

old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'").

## II

For the foregoing reasons, Philips's motions are denied.

**SO ORDERED.**

                                                  s/ Judge Frederic Block
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 23, 2012